UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BAGGETT,

       Plaintiff,

v.

WILLIE O. SMITH et al.,

       Defendants.

Case No. 1:05-cv-804

Honorable Wendell A. Miles

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### Discussion

    I.     Factual allegations

Plaintiff is presently incarcerated at Ionia Maximum Correctional Facility. In his *pro se* complaint, he sues the following employees of the Ionia Maximum Correctional Facility (ICF): Warden Willie O. Smith, Deputy Warden (unknown) Norwood, Grievance Coordinator Nancy Klinesmith, Doctor Robert Migliorino, Nurse J. LeBarre, Resident Unit Manager D. Mackey and

Case Manager Jason Wayne. Plaintiff also sues Jim Armstrong, the Step III Grievance Coordinator for the Michigan Department of Corrections (MDOC).

Plaintiff claims that he is a non-smoker and suffers from a diagnosed lung disease. When exposed to environmental tobacco smoke (ETS), he claims to suffer severe symptoms such as allergic reactions, constant cough discharging a mucus phlegm, cold chills, rashes, fevers, shortness of breath and chest pains. Plaintiff was transferred to ICF in January 2005. Under MDOC policy, smoking is prohibited in the ICF housing units. According to Plaintiff, the policy is not strictly enforced and many prisoners smoke in their cells on a regular basis. Cigarettes are not considered to be contraband because smoking is permitted in the yard. Plaintiff informed Defendants Mackey and Wayne of his lung condition and repeatedly asked to be moved to a "true" non-smoking housing unit. On March 14, 2005, Plaintiff was moved from one side of the housing unit wing to the other (from cell #35 to #24). Plaintiff contends that the move did not reduce his exposure to ETS because the entire housing unit is serviced by the same ventilation system. Plaintiff claims that Defendants Smith, Norwood, Mackey and Wayne are violating his Eighth Amendment rights by refusing to move him to a "true" non-smoking housing unit with a separate ventilation system.

Plaintiff further claims that he has been denied proper medical care in violation of his Eighth Amendment rights. He claims that he submitted numerous health care requests complaining of severe headaches, sinus problems, severe cough, itchy throat and breathing problems. Defendant LaBarre allegedly responded to Plaintiff's requests by refusing him necessary medical treatment. Plaintiff claims that Defendant Migliorino informed Plaintiff that his symptoms were caused by

exposure to ETS, which Dr. Migliorino considered to be a housing problem. Dr. Migliorino advised Plaintiff to pursue the matter with housing staff and refused to treat Plaintiff's symptoms.

Plaintiff seeks declaratory relief, as well as compensatory damages of $500,000 and punitive damages of $500,000.

II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

The MDOC provides a three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff filed a Step I grievance concerning his claim on March 17, 2005. His Step I grievance mentioned only Defendants Mackey and Smith. Plaintiff appealed his grievance to Step III. Plaintiff, therefore, properly exhausted his claims against Defendants Mackey and Smith. *Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver,* 2002 WL 31166925, at *2. Plaintiff mentioned Defendant Wayne for the first time in his Step III grievance appeal. In order to properly exhaust under MDOC grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Raising allegations against a particular defendant for the first time at Step II or III is insufficient to demonstrate exhaustion. *Id.* at 576 n.4. Plaintiff, therefore, failed to satisfy the exhaustion requirement with regard to Defendant Wayne. Plaintiff also failed to exhaust his claims against Defendants Klinesmith, Norwood, Armstrong, Migliorino and LaBarre, who were not specifically mentioned at any step of the grievance process. Because Plaintiff's action contains both exhausted and unexhausted claims, it must be dismissed under the "total exhaustion rule." *See Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: January 3, 2006                                  /s/ Wendell A. Miles
                                                        Wendell A. Miles
                                                        Senior U.S. District Judge