UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BAGGETT,                )
                               )
        Plaintiff,             )   Case No. 1:05-cv-804
                               )
v.                             )   Honorable Wendell A. Miles
                               )
WILLIE O. SMITH et al.,        )
                               )
        Defendants.            )
_____)

**ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On January 3, 2006, the Court dismissed Plaintiff's action without prejudice because he failed to demonstrate exhaustion of available administrative remedies as required by 42 U.S.C. § 1997e(a). This matter now is before the Court upon Plaintiff's motion for relief from judgment (docket #7) brought pursuant to FED. R. CIV. P. 60(b).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Insurance Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

In his motion, Plaintiff does not dispute the dismissal of his action for lack of exhaustion. Rather, Plaintiff claims that he made an inadvertent mistake by not including the names of the Defendants in his Step I grievances. He claims that he now has properly grieved his claims and seeks relief from the Court's judgment. A plaintiff must pursue all levels of the administrative procedure *before* filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *accord Lutchey v. Wiley*, No. 98-3760, 1999 WL 645951, at *1 (6th Cir. Aug. 13, 1999) (dismissal of claim for lack of exhaustion was appropriate where prisoners failed to complete the review process before bringing their lawsuit). Because Plaintiff did not properly complete the grievance process *before* filing the instant action, it was properly dismissed by the Court. Moreover, the addition of his newly grieved claims would constitute an amendment pursuant to FED. R. CIV. P. 15. The Court has no discretion in allowing amendment to avoid the dismissal of a case under the Prisoner Litigation Reform Act. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *accord Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). Accordingly, Plaintiff is not entitled to relief from the Court's judgment. Plaintiff, however, may file a new civil rights action setting forth his exhausted claims. Therefore:

IT IS ORDERED that Plaintiff's motion for relief from judgment (docket #7) is DENIED.

Dated: <u>June 29, 2006</u>             /s/ Wendell A. Miles
                                      Wendell A. Miles
                                      Senior U.S. District Judge